IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: 5:24-CV-00066

| | |
|---|---|
| L.C., by and through his mother, G.D., Grace Dunbar, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | FIRST AMENDED COMPLAINT |
| Charter Schools USA at Cary, LLC, and Triangle Charter Education Association, Inc., ) ) ) ) | |
| Defendants. ) | |

NOW COME Plaintiffs, L.C. by and through his mother, G.D., and by and through the undersigned counsel, and brings this action against Charter Schools USA at Cary, LLC and Triangle Charter Education Association, Inc. for violations of Title VI of the Civil Rights Act of 1964.

## PARTIES

1. Plaintiff, L.C., is a 13-year-old student whose permanent residence is in Cary, Wake County, North Carolina. At all times relevant to this action, Plaintiff was enrolled in Cardinal Charter Academy.

2. Plaintiff submitted a Motion for Leave to Proceed Under a Pseudonym with the original complaint as well as Memorandum in support of the same for the purpose of protecting Plaintiff's identity and dignity due to his infancy, and the personal and sensitive nature of the complaint.

3. Grace Dunbar is L.C.'s mother, and next friend.

4. Charter Schools USA at Cary, LLC ("CSUSA") is foreign corporation incorporated in the state of Florida and registered to do business in the state of North Carolina. CSUSA has administrative direction and control of Cardinal Charter Academy ("CCA"), a public

charter school serving students in grades kindergarten through eighth grade in Wake County, North Carolina.

5. Triangle Charter Education Association, Inc. ("TCEA") is a North Carolina non-profit entity organized for educational purposes and is the inaugural board for CCA.

## JURISDICTION AND VENUE

6. Plaintiff realleges the foregoing paragraphs and incorporates them herein by reference.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1343 (civil rights) as Plaintiff's complaint alleges, *inter alia*, that Defendant violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.

8. This Court has personal jurisdiction over the parties as Plaintiff is a citizen and resident of the Eastern District of North Carolina. Defendant CCA is a school located at 1020 St. Charles Place, Cary, Wake County North Carolina 27513, and all of the allegations complained of here in occurred while the minor Defendant was enrolled there.

9. Venue is proper pursuant to 28 U.S.C. 1391 (b)(c) and (d) as the events complained of herein occurred in Cary, Wake County, North Carolina, and upon information and belief, all parties resided in, had their principal place of business in, or conducted business within the State of North Carolina.

## FACTUAL ALLEGATIONS

10. Plaintiff realleges the foregoing paragraphs and incorporates them herein by reference.

11. L.C. is an African American male and a former student at CCA. L.C. attended CCA for nearly eight years.

12. Despite being a bright student, L.C. received low grades that were incongruent with his abilities and knowledge.

13. While at CCA, L.C. was repeatedly subjected to unfair treatment, racial bias, extreme bullying, and harassment.

14. Specifically, during L.C.'s third grade year, CCA forced him to sit outside in the hallway, without the benefit of instruction, or adult support, for more than half of the year.

15. Due to CCA's failure to provide L.C. with proper instruction, guidance, and tutoring, L.C. was forced to repeat the third grade.

16. Likewise, CCA falsely accused L.C. of bringing a lighter with a depiction of a nude woman stenciled on it to school. This lighter was never found or located.

17. CCA falsely reported to Child Protective Services that L.C. did not have his own bedroom and was being neglected at home.

18. On or about December 16, 2021, Defendants alleged that three students reported that L.C. made threats against the school and notified the Cary Police Department of the purported threats.

19. During the interviews with these three students, CCA learned that L.C. was repeatedly subjected to extreme bullying, teasing, and harassment. However, CCA did nothing to investigate, or otherwise protect L.C. following this revelation.

20. CCA perpetuated the problem when it detained L.C. and attempted to intimidate him into confessing. In response, L.C. denied — and continues to deny— making any threats against the school.

21. Nonetheless, CCA falsely accused and punished L.C. based solely on the unsubstantiated allegations of other students, not actual evidence.

22. CCA ignored L.C., his mother, and other students' reports of L.C. being bullied, and instead made an arbitrary and capricious decision to suspend him for actions he did not take.

23. On December 16, 2021, Principal April S. Goff notified CCA parents that students had reported another student, L.C., for making threats against the school and that the Cary Police Department was involved.

24. On December 17, 2021, G.D. was notified that L.C. would be suspended for ten (10) days for making threatening statements about the school, and that a safety plan would be required in order for him to return to school.

25. On March 18, 2022, L.C.'s mother submitted a letter to CCA demanding, *inter alia,* an apology to L.C. and compensation for his education, counseling, and emotional distress relating to CCA's discriminatory treatment of him.

26. Defendants denied the allegations and refused to apologize or otherwise compensate L.C. for the unfair treatment and racial bias L.C. was subjected to at the hands of CCA.

27. Ultimately, Defendants actions and inactions affected L.C.'s desire and ability to learn properly, diminished his self-esteem and social skills, and drove him to alcohol dependence and depression.

28. Indeed, in April 2022, L.C.'s mother discovered that L.C. had an alcohol dependency issue and had been drinking alcohol for around two years to cope with his depression and the bullying he experienced while enrolled at CCA.

29. L.C.'s dependency developed to the point that his mother enrolled him in a treatment program for the summer of 2022 at Safe Landing, a teen rehabilitation program located in Miami, Florida.

30. During his stay at Safe Landing, L.C. received substance abuse counseling, which cost G.D. in excess of one hundred thirty-three thousand dollars and no cents ($133,000.00).

31. G.D. was forced to sell her home due to the costs associated with L.C.'s recovery.

32. L.C.'s substance abuse counseling was successful. L.C. is now attending a different school and making progress.

# FIRST CLAIM FOR RELIEF: VIOLATION OF TITLE VI OF
# THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000d et seq.)

33. Plaintiff hereby incorporates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

34. Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §§ 2000d seq. prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance from the Department of Education.

35. Defendants receive federal financial assistance from the Department of Education and is therefore subject to compliance with Title VI.

36. L.C. is an African American male, and thus a member of a protected class.

37. Pursuant to Title VI, Defendants responsible for ensuring that L.C. had access his education free from discrimination, which they failed to do.

38. Indeed, L.C. was subjected to various forms of discrimination while attending CCA and further, Defendants repeatedly ignored and refused to take appropriate measures with regard to the bullying and harassment that L.C. suffered from other students.

39. Instead of protecting L.C. and providing him with a safe environment, free from discrimination, Defendants perpetuated the problem and repeatedly made false accusations against him.

40. Moreover, Defendants forced L.C. to receive separate and unequal education when school officials deliberately placed L.C. in the hallway for half of the school year, which caused him to repeat third grade.

41. Due to Defendants' discrimination, L.C. was unlawfully subjected to exclusion, unequal, and unjust treatment.

42. In other words, Defendants fostered an academic environment contrary to the protections afforded to L.C. under Title VI.

43. Defendants' actions and inactions affected L.C.'s desire and ability to learn properly, diminished his self-esteem and social skills, and drove him to alcohol dependence and depression.

44. Defendants failed to protect L.C. from psychological harm, depression, mental stress, and alcohol dependency stemming from the wide-spread bullying, harassment, and discrimination while on school grounds.

45. Defendants' actions in subjecting L.C. to discrimination and unequal treatment constitutes an unlawful violation of Title VI of the Civil Rights Act of 1964 U.S.C. § 2000d et seq.

46. As a result of Defendants' actions and inaction, L.C. has been damaged and is entitled to recover both equitable and monetary remedies.

## SECOND CLAIM FOR RELIEF: NEGLIGENT SUPERVISION

47. Plaintiff hereby incorporates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

48. Defendants owed L.C. a duty of care to provide a public education free from discrimination.

49. Defendants breached that duty of care when it failed to address it is faculty and staff treating L.C. in a discriminatory manner based on his race. Moreover, Defendants breached their duties when they allowed L.C. to be placed in the hall for extended periods of time without adult supervision.

50. Defendants breach had a significant adverse impact on L.C. Due to their actions, L.C. was entered into the criminal justice system, he suffered severe mental anguish, began using and abusing alcohol, and had to undergo rehabilitation treatment.

51. Due to Defendants breach of their duties, Plaintiffs suffered damages in excess of $100,000.00.

### THIRD CLAIM FOR RELIEF:
### INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff hereby incorporates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

53. Defendants' conduct constitutes extreme and outrageous behavior.

54. Defendants' acted with a reckless indifference and disregard for their actions, and to the likelihood that their conduct would cause severe emotional distress to L.C.

55. Defendants 'conduct, in fact, caused L.C. to suffer severe emotional and mental distress.

56. Indeed, as a proximate result of Defendants' conduct, L.C. suffered severe emotional and mental distress and depression.

57. That said mental distress and depression led a thirteen-year-old child to become dependent on alcohol, which resulted in him being admitted into a rehabilitation facility to treat his severe emotional distress, depression, and alcohol dependency.

58. Due to the outrageous conduct by Defendants', L.C. is entitled to recover his actual and punitive damage in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Court for the following relief against Defendants, jointly and severally:

1. An award of actual damages in an amount to be proven at trial;
2. An award of punitive damages in an amount to be proven at trial;
3. An award of Plaintiff's reasonable attorneys' fees and costs; and
4. Such other relief as the Court deems proper and just.

Respectfully submitted.

This the 19th day of February, 2024.

        THE LAW OFFICE OF NEUBIA L. HARRIS, PLLC
        ATTORNEYS FOR PLAINTIFFS

        By:   *s/ Neubia Harris*
              Neubia L. Harris
              N.C. Bar No.: 42069
              The Law Office of Neubia L. Harris, PLLC
              312 West Millbrook Road, Suite 101
              Raleigh, NC 27609
              (919) 526-0500 (telephone)
              (919) 589-3935 (facsimile)

CERTIFICATE OF SERVICE

The undersigned hereby certifies served a copy of the foregoing Complaint on the following via the CM/ECF electronic filing system and electronic mail:

    Tory Ian Summey
    Parker Poe
    620 South Tryon Street, suite 800
    Charlotte, NC 28202
    torysummey@parkerpoe.com
    *Attorney for Defendants*

This the 19th day of February, 2024.

                                    /s/ Neubia L. Harris
                                    Neubia L. Harris
                                    N.C. Bar No.: 42069
                                    The Law Office of Neubia L. Harris, PLLC
                                    312 West Millbrook Road, Suite 141
                                    Raleigh, NC 27609
                                    (919) 526-0500 (telephone)
                                    (919) 589-3935 (facsimile)
                                    neubia@neubiaharrislaw.com