IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-66-FL

| | |
|---|---|
| L.C., by and through his mother, GRACE DUNBAR, ) ) ) Plaintiff, ) ) v. ) ) CHARTER SCHOOLS USA AT CARY, ) LLC, and TRIANGLE CHARTER ) EDUCATION ASSOCIATION, INC., ) ) Defendants. ) | ORDER |

This matter is before the court upon plaintiff's counsel's motion to withdraw as attorney (DE 21), and plaintiff's motion captioned as one to reopen the case pursuant to Federal Rule of Civil Procedure 60(b) (DE 18). Plaintiff's motion, sought to be advanced by his mother, presents Grace Dunbar's proposed second amended complaint. It has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion to withdraw is granted and the motion tendered on behalf of L.C. must be and is denied.

### BACKGROUND

Plaintiff began this educational discrimination suit through counsel February 5, 2024, and filed an amended complaint as of right February 19, 2024. Plaintiff asserted claims 1) under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI"); 2) for negligent supervision under North Carolina law; and 3) for intentional infliction of emotional distress under North Carolina law ("IIED"). Plaintiff sought compensatory and punitive damages, plus costs and fees.

Defendants moved to dismiss April 11, 2024, seeking dismissal of all claims for failure to state a claim upon which relief can be granted. That motion was granted for reasons given in order entered July 19, 2024, closing the case. Final judgment in defendants' favor issued the same day.

Some four months later, plaintiff's mother filed on her child's behalf the instant motion to reopen the case and for leave to amend November 25, 2024. Plaintiff's counsel filed the instant motion to withdraw January 8, 2025, stating that her representation of plaintiff terminated on July 23, 2024, which appears undisputed.

**COURT'S DISCUSSION**

A.  Motion to Withdraw (DE 21)

Where it appears the lawyer carried through to conclusion of the relationship, for good cause shown, the motion to withdraw by plaintiff's counsel is granted.

B.  Motion to Reopen (DE 18)

1.  Standard of Review

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: 1) timeliness, 2) a meritorious defense, 3) a lack of unfair prejudice to the opposing party, and 4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If those conditions are met, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud; 4) the judgment is void; 5) the judgment has been satisfied; or 6) any other reason that justifies relief. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P 60(b).

2.  Analysis

Defendants argue that plaintiff fails to satisfy the demanding Rule 60 standard, and that consequently, the court cannot consider the portion of plaintiff's motion to reopen that arises under Rule 15. As a threshold matter, plaintiff's mother cannot litigate on his behalf pro se. In addition and in the alternative, defendants are correct.

First, Grace Dunbar, plaintiff's mother, filed the motion to reopen pro se, on L.C.'s behalf. It is well established that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005) (collecting circuit consensus).[1] This preliminary issue defeats the motion to reopen, and the court need not reach its merits.

In addition and in the alternative, even if the court addresses the motion's merits, it fails. The court "cannot" consider a motion for leave to amend filed after final judgment without first vacating that judgment. See Daulatzai v. Maryland, 97 F.4th 166, 177 (4th Cir. 2024). Vacatur may occur under either Rule 59(e) or Rule 60(b). Id. The court therefore must turn to the portion of plaintiff's motion arising under Rule 60(b) before addressing her request for leave to amend.[2]

The remedy Rule 60(b) creates is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). To prevail, a Rule 60(b) movant must demonstrate 1) timeliness; 2) a meritorious claim; 3) a lack of unfair prejudice to the opposing party; and 4) exceptional circumstances. Wells Fargo Bank,

---

[1] Some federal courts of appeal permit non-attorney parents to litigate social security appeals on behalf of their children. See Myers, 418 F.3d at 401 n.7. However, the Fourth Circuit has not adopted this rule, see id., and even if it governed, this exception would be inapplicable here.

[2] Though plaintiff makes no Rule 59(e) argument, the court notes that such a motion would be several months untimely. A Rule 59(e) motion must be filed within 28 days of a judgment. Fed. R. Civ. P. 59(e). Final judgment in this case issued on July 19, 2024, but plaintiff did not lodge her motion until November 25, 2024.

859 F.3d at 299. Only after crossing this initial threshold must a party also satisfy at least one of the six criteria enumerated in Rule 60(b). Id.

First, plaintiff's motion to reopen is untimely. Rule 60(c) states that a Rule 60(b) motion must be made within a "reasonable" time, and sets a limit of one year for motions arising under the first three prongs of Rule 60(b). See Fed. R. Civ. P. 60(c)(1). The United States Court of Appeals for the Fourth Circuit has held that a Rule 60(b) motion is untimely if made three to four months after the judgment without any valid explanation for the delay. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (collecting cases).

Plaintiff filed her motion to reopen four months after final judgment issued, and her only explanation for the delay is that she now understands that her complaint was dismissed without prejudice. (See Mot. Reopen (DE 18) 1). This assertion is both incorrect and irrelevant. The court's order dismissed the complaint without specifying dismissal without prejudice, thereby operating as an adjudication on the merits or, in other words, a dismissal with prejudice. Fed. R. Civ. P. 41(b); see Payne ex rel. Est. of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006). In any case, either form of dismissal is a final order which plaintiff could have appealed. Britt v. DeJoy, 45 F.4th 790, 798 (4th Cir. 2022). And plaintiff received a copy of the court's dismissal order through the court's electronic docketing system through her counsel.[3]

Plaintiff fails to present any valid explanation for her failure to timely present her motion or appeal. See McLawhorn, 924 F.2d at 538; Washington v. Bumgarner, 882 F.2d 899, 901 (4th Cir. 1989) (stating that rules governing timeliness of appeals apply to pro se litigants). Indeed, plaintiff could have presented new evidence, including the materials the court declined to consider as improper attachments to briefing, as early as April 2024, through a motion for leave to amend

---

[3] Plaintiff's counsel's motion to withdraw states that her representation of plaintiff did not terminate until July 23, 2024, four days after the court's dismissal order.

4

following defendants' motion to dismiss. This failure is grounds to deny the motion to reopen. Wells Fargo Bank, 859 F.3d at 299.

In addition and in the alternative, plaintiff's motion to reopen would unfairly prejudice defendants, for the reasons just discussed.

Both of these grounds are fatal to plaintiff's Rule 60(b) motion. See Wells Fargo Bank, 859 F.3d at 299. The court therefore cannot and does not reach the portion of plaintiff's motion arising under Rule 15. See Daulatzai, 97 F.4th at 177.

## CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion to withdraw (DE 21) is GRANTED. Where Grace Dunbar cannot represent L.C. as a matter of law, that motion sought to be advanced (DE 18) must be and is DENIED. And even if she could, as L.C.'s mother, legally represent him, the court would DENY the motion with reference to the defects listed above. The case remains closed.

SO ORDERED, this the 13th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge